# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |  |
|---|---|---|
| *Plaintiff(s)* <br> v. <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

 

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

 

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | |
|---|---|
| *Plaintiff(s)* <br> v. <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) )     Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

      A lawsuit has been filed against you.

      Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

      If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

 

*CLERK OF COURT*

Date: _____

                                                         *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.)**

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **KWASI BOAFO MANU** ) <br> 17117 Westheimer Road, Unit #50 ) <br> Houston, TX 77082 ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **UNITED STATES OF AMERICA** ) <br> (U.S. Military Sealift Command) ) <br> 950 Pennsylvania Avenue, NW ) <br> Washington, D.C. 20530 ) <br> ) <br> <u>Serve</u>: **Rod J. Rosenstein** ) <br>   **United States Attorney** ) <br>   **District of Maryland** ) <br>   **36 S. Charles Street, 4th Floor** ) <br>   **Baltimore, MD 21201** ) <br> ) <br> and ) <br> ) <br> **PATRIOT CONTRACT SERVICES, LLC** ) <br> 1320 Willow Pass Road, Suite 485 ) <br> Concord, CA 94520 ) <br> ) <br> <u>Serve</u>: **Timothy M. Gill** ) <br>   **1320 Willow Pass Road, Suite 485** ) <br>   **Concord, CA 94520** ) <br> ) <br>   **Defendants.** ) <br> _____ ) | Civil Action No.: <br> **Admiralty and Maritime Claim** <br> **Under F.R.C.P. 9(H)** <br> **Filed Pursuant to 28 U.S.C. § 1916** |

## **COMPLAINT**

COMES NOW, Plaintiff Kwasi Boafo Manu, by and through his attorneys, Robert M. Schwartzman, John J. Yannone, Matthew M. Davey and Price Benowitz, LLP, and hereby sues Defendants United States of America and Patriot Contract Services, LLC and for reason states the following:

## FACTS COMMON TO ALL COUNTS

1. Plaintiff Kwasi Boafo Manu is an adult resident of Houston, Texas. At all times relevant hereto, Plaintiff was employed as a seaman and member of the crew of the U.S.N.S. Gordon by Defendant Patriot Contract Services, LLC, which operated said vessel under contract with the U.S. Military Sealift Command, United States Navy and/or United States of America.

2. The U.S.N.S. Gordon (hereinafter the "Vessel") is a cargo vessel owned by, or operated for, Defendant United States of America, and operated by the U.S. Military Sealift Command and/or other agencies of the United States Government.

3. Defendant United States of America is a sovereign power and this action is brought against Defendant United States of America under the provisions of the Suits in Admiralty Act, 46 U.S.C. § 741, *et seq.* and/or the Public Vessel Act, 46 U.S.C. § 781, *et seq.* and under other statutory provisions permitting such suits.

4. Defendant Patriot Contract Services, LLC ("Patriot") is a limited liability company formed under the laws of the State of California. Plaintiff alleges in the alternative that the U.S.N.S. Gordon was a vessel owned by, or under the demise charter to Defendant Patriot, which was operating said Vessel under a time charter with the U.S. Military Sealift Command and/or other agencies of the United States Government, in which event Defendant Patriot would be the proper party Defendant to this action, and liable to Plaintiff for damages resulting from the injuries which are the basis of this suit, under the Jones Act and the Admiralty Law of the United States.

5. The cause of action set forth herein is governed by the aforementioned statutes and by the Jones Act, 46 U.S.C. § 30104, *et seq.* and by Admiralty and Maritime Law of the United

States, providing a remedy for injuries sustained by Plaintiff, while employed as a seaman and member of the crew of the U.S.N.S. Gordon, in the capacity of an engineer.

6. On or about January 4, 2015, Plaintiff, a Jones Act seaman, was properly performing his duties as an engineer aboard the Vessel. The Vessel was docked in Baltimore, Maryland, located at 2000 South Clinton Street, Baltimore, Maryland.

7. At approximately 9:00 a.m. while in Maryland waters, Plaintiff was tasked with repairing the inoperable light fixtures in the Vessel's Tech Library. As this incident occurred within Maryland waters, this honorable Court holds jurisdiction over this matter.

8. As Plaintiff was carrying out his duties, he was caused to trip and fall in the entranceway to the Tech Library due to the doorway's threshold, raised approximately two (2) inches above the Vessel's deck, which was hidden and concealed in the improperly-illuminated environment. As a result of the trip, Plaintiff was caused to fall on the Vessel's deck, striking his right shoulder.

9. Immediately following his landing on the Vessel's deck, Plaintiff experienced excruciating pain in his right shoulder.

10. Plaintiff reported the aforementioned incident, his injuries, and his need for medical attention to the Vessel's Chief Engineer.

11. Plaintiff was required to carry out his duties as an engineer in the Vessel's dark and improperly-illuminated Tech Library, which caused the doorway's raised threshold above the Vessel's deck to become hidden and concealed from Plaintiff.

12. Prior to January 4, 2015, Defendants had notice that the light fixtures in the Vessel's Tech Library were inoperable, creating a dangerous and hazardous environment in which Plaintiff was ordered to perform his duties.

13. On January 5, 2015, the morning following the above-mentioned incident, Plaintiff was transported via taxi to Canton Occupational Medical Services in Baltimore, Maryland. Diagnostic testing of Plaintiff's right shoulder revealed a torn rotator cuff, at which time Plaintiff was immediately referred to MedStar Harbor Hospital in Baltimore, Maryland for further evaluation and treatment.

14. Due to the injuries Plaintiff sustained as a direct result of the January 4, 2015 incident, he was forced to miss work from January 6, 2015 through the present. While working as an engineer aboard the Vessel, he was paid $229.00 per day in addition to overtime at a rate of $36.66 per hour.

15. Plaintiff worked approximately 56 hours per week. As a result of his above-mentioned injuries, Plaintiff was denied the opportunity to earn his full wages.

16. As a result of the January 4, 2015 incident, Plaintiff sustained serious, painful, and permanent injuries including, but not limited to, a rotator cuff tear of the right shoulder. Plaintiff's injuries have required extensive medical and surgical care and attention, and may require further medical, surgical, and/or hospital care in the future, for all of which he has incurred, and or will incur, expenses.

17. Plaintiff has suffered, is presently suffering, and will likely continue to suffer, great pain and agony; Plaintiff has lost and will continue to lose large sums of money, which he might otherwise have earned; Plaintiff has been prevented from engaging in his usual duties and activities; and further, he likely will be permanently partially disabled as a result of said injuries.

## COUNT I: Negligence-Jones Act
**(All Defendants)**

18. Plaintiff re-alleges and incorporates by reference the allegations of the aforementioned paragraphs as if more fully set forth herein at length.

19. Under the Jones Act, Defendants owed an affirmative duty as an employer to provide a safe place for Plaintiff to work.

20. All of the aforementioned injuries, losses, and damages are the direct result of the negligent failure of the Defendants and their agents, servants, representatives, employees, and/or assigns, to provide the Plaintiff with a safe place in which to work in safe and seaworthy conditions, Defendants' failure to provide a proper and safe working environment, and by reason of the negligent failure to furnish the Plaintiff with a safe and seaworthy vessel, and/or by the negligence of the Defendants and their agents, servants, representatives, employees, and/or assigns:

   a. Failed to provide safe, proper working and operational illumination in the area of Vessel's Tech Library;

   b. Failed to timely and properly maintain and repair an unsafe, damaged, defective and inoperable illumination system in the Vessel's Tech Library;

   c. Failed to timely and properly replace the unsafe, damaged, defective and inoperable illumination system in the Vessel's Tech Library;

   d. Directed, ordered and permitted employees, such as Plaintiff, to work in an unsafe and hazardous environment;

   e. Failed to warn Plaintiff of the raised threshold two (2) inches above the Vessel's deck in the doorway leading to the Tech Library, which was to be hidden and concealed due to improperly illuminated conditions;

   f. Failed to provide for the safety of the Plaintiff and other members of the crew in the performance of their duties;

  g. Failed to adequately inspect and ensure the proper operation of the Vessel and equipment so as to obviate the risk of injuries to involved personnel;

  h. Failed to adequately warn the Plaintiff of the negligent, unsafe and unseaworthy conditions present;

  i. Otherwise being negligent with no negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, Plaintiff Kwasi Boafo Manu demands judgment from and against Defendants United States of America and Patriot Contract Services, LLC in the sum of Five Hundred Thousand Dollars ($500,000.00) in compensatory damages, plus pre-judgment and post-judgment interest, and the costs of this action.

### COUNT II: Unseaworthiness
### (All Defendants)

21. Plaintiff re-alleges and incorporates by reference the allegations of the aforementioned paragraphs as if more fully set forth herein at length.

22. Under General Maritime Law, the Defendants owed a duty to provide a safe and seaworthy vessel to Plaintiff.

23. All of said injuries, damages, and losses sustained by the Plaintiff were a direct result of the failure of Defendants to provide Plaintiff with a safe and seaworthy vessel, proper safety equipment, and/or as a direct result of the failure of the Defendants to provide and maintain a proper, safe, and seaworthy condition, operation, equipment, appurtenances, crew, and tools of said vessel, Defendants violated this duty to provide a safe and seaworthy vessel when they:

  a. Failed to provide a safe, proper working and operational illumination in the Vessel's Tech Library;

b. Failed to timely and properly maintain and repair an unsafe, damaged, defective and inoperable illumination system in the Vessel's Tech Library;

c. Failed to timely and properly replace the unsafe, damaged, defective and inoperable illumination system in the Vessel's Tech Library;

d. Directed, ordered and permitted employees such as Plaintiff to work in an unsafe and hazardous environment;

e. Failed to warn Plaintiff of the raised threshold two (2) inches above the Vessel's deck in the doorway leading to the Tech Library which was caused to be hidden and concealed due to improperly illuminated conditions;

f. Failed to provide for the safety of the Plaintiff and other members of the crew in the performance of their duties;

g. Failed to adequately inspect and ensure the proper operation of the Vessel and equipment so as to obviate the risk of injuries to involved personnel;

h. Failed to adequately warn the Plaintiff of the negligent, unsafe and unseaworthy conditions present;

i. Otherwise being negligent with no negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, Plaintiff Kwasi Boafo Manu demands judgment from and against Defendants United States of America and Patriot Contract Services, LLC in the sum of Five Hundred Thousand Dollars ($500,000.00) in compensatory damages, plus pre-judgment and post-judgment interest, and the costs of this action.

## COUNT III: Maintenance and Cure
### (All Defendants)

25.     Plaintiff re-alleges and incorporates by reference the allegations of the aforementioned paragraphs as if sully set forth herein at length.

26.     As a direct result of the injuries sustained by the Plaintiff, as aforesaid, without regard to the issues of negligence or unseaworthiness, Defendants, as Plaintiff's employer, became obligated to provide the Plaintiff with the means by which to sustain and maintain himself while receiving outpatient medical care and attention while he was unable to resume his normal duties.

27.     Plaintiff has received certain medical care and attention and will, in the future, require further medical care and attention, and may be required to pay for same, and will be required to support and maintain himself while receiving outpatient care and attention while unable to resume his normal duties, for which the Defendants are liable.

WHEREFORE, Plaintiff Kwasi Boafo Manu demands judgment from and against Defendants United States of America and Patriot Contract Services, LLC in the sum of Five Hundred Thousand Dollars ($500,000.00) in compensatory damages, plus pre-judgment and post-judgment interest, and the costs of this action.

Respectfully submitted,

**PRICE BENOWITZ, LLP**

By:   */s/ Robert M. Schwartzman*
Robert M. Schwartzman, Esq. (No. 01092)
rms@rs-atty.com
2313 Hidden Glen Drive
Owings Mills, MD 21117
(410) 852-7367 (p)

*/s/ John J. Yannone*
John J. Yannone, Esq. (No. 04396)
John@pricebenowitzlaw.com

*/s/ Matthew M. Davey*
Matthew M. Davey, Esq. (No. 16282)
Mdavey@pricebenowitzlaw.com
Price Benowitz, LLP
409 7th Street NW, Suite #200
Washington, DC 20004
(202) 417-6000 (p)
(301) 244-6659 (f)
*Attorneys for Plaintiff*